UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

    Plaintiff,

v.                                              CASE NO: 8:06-cv-559-T-23TGW

MYRA OURSO, et al.,

    Defendants.

_____/

## **ORDER**

Pursuant to 28 U.S.C. § 2201 ("the Declaratory Judgment Act"), the Government Employees Insurance Company ("GEICO") seeks declaratory relief (Doc. 1) against its insureds, Elizabeth Rodriguez ("Rodriguez") and Joshua Myers ("Myers"), and Myra Ourso, the claimant in a pending state-court action ("the underlying action"). Specifically, GEICO's complaint requests a judgment declaring that "it has completely discharged all of its legal obligations toward its insureds and with due regard for their interest and has fulfilled all legal obligations" under the automobile policy (Doc. 1 at 5). The defendants move (Docs. 4, 6 ) to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

Article III, section two of the Constitution limits federal jurisdiction to *bona fide* "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. The Declaratory Judgment Act provides no independent basis for jurisdiction. See 28 U.S.C. § 2201 (creating a remedy for only "a case of actual controversy within [a federal court's] jurisdiction").

Because "the jurisdictional limits of the Declaratory Judgment Act mirror those found in the Constitution," a district court lacks jurisdiction over a declaratory action "unless the issue is a 'case or controversy.'"  Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co., 850 F.2d 1489, 1491 (11th Cir. 1988).

Presumably desiring to preempt a bad faith claim possibly resulting from any excess judgment against Rodriguez in the underlying action, GEICO seeks (prematurely) a declaration vindicating GEICO's offer of the policy limits to settle the underlying action.  Paragraph 19 of the complaint alleges that "GEICO provided and continues to provide, a complete defense to RODRIGUEZ and MYERS in the underlying litigation which may result in a jury verdict in excess of the bodily injury policy limits of GEICO" (Doc. 1 at 5)(emphasis added).  However, a bad faith claim accrues only after determination of the insured's liability.  Lexington Ins. Co. V. Royal Ins. Co. of America, 886 F.Supp 837, 841 (N.D. Fla. 1995) (holding that "a cause of action for bad faith failure to settle does not arise until there has been a final determination of the insured's liability and the extent of the plaintiff's damages").

Because GEICO's action "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all," no justiciable case or controversy exists. Atlanta Gas & Light Co. v. Federal Energy Regulation Commission, 140 F.3d 1392, 1404 (11th Cir. 1998).  "It is not the function of a United States District Court to sit in judgment of these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass."  American Fidelity & Casualty Co. v. Pennsylvania

Threshermen & Farmers Mutual Casualty Ins. Co., 280 F.2d 453, 461 (5th Cir. 1960).[1] GEICO may not "preemptively carve out a pre-litigation position and seek a declaratory judgment concerning it." Heilig v. Scott, No. 2:99-cv-412-FTM-29D, 2000 WL 33996252, at *2 (M.D. Fla. Sept. 20, 2000).

Accordingly, the defendants' motions to dismiss (Docs. 4, 6) are **GRANTED**. The defendants' motions (Doc. 7, 8) for attorney fees are **DENIED**. Absent a "case or controversy," the complaint presents no federally justiciable claim and is **DISMISSED**. The clerk is directed to terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on July 14, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.